## JIMINEZ v. THE CARMELITE NUNS.

### APPEAL from the District Court of San Juan.

No. 106.—Decided June 19, 1905.

INTERDICT TO RETAIN POSSESSION—EXECUTION OF JUDGMENT.—In interdicts to retain possession, the plaintiff will not be put in possession of the thing, of the possession whereof he has not been deprived, it being sufficient in order to comply with the judgment rendered in such proceedings to serve notice thereof upon the parties in interest.

JURISDICTION—ERRORS COMMITTED BY INFERIOR COURTS.—The Supreme Court is without jurisdiction to correct errors committed by inferior courts where a proper appeal has not been taken, or where the same has not been taken within the time prescribed by law.

MOTION FOR RECONSIDERATION.—A motion for reconsideration must be filed within five days, as prescribed by article 376 of the former Law of Civil Procedure.

PRESCRIPTION—ACTION TO RETAIN OR RECOVER POSSESSION.—An action to recover or retain possession prescribes after the expiration of one year, and even though this provision refers to cases where the possession has been attacked by private individuals, it is with all the more reason applicable to a state of right which has been created by possession granted in virtue of a judicial determination which is not attacked within the period provided for by law.

The facts are stated in the opinion.

*Mr. Morera* for appellant.

*Mr. Emigdio Ginorio* for respondent.

Mr. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 8, 1905, Agustina and Josefa Jiminez Sicardó

instituted an interdict in the former Court of First Instance of Caguas, to retain the possession of 71 *cuerdas* of land which they, with other brothers and sisters, possessed in the *barrio* of Cañabón, in the municipal district of said city, in which possession they had been disturbed by Juan Molfulleda in the name of his brother, Magin Molfulleda. The proceedings having been prosecuted according to law, the said court rendered judgment on August 9th of the same year, allowing the interdict and ordering that the petitioners should be left in possession of said lands, without prejudice to third persons, and that Juan Molfulleda should be thereafter enjoined from committing acts showing an intention to disturb or molest Agustina and Josefa Jiminez y Sicardó in their possession, with the admonition proper in law, and the taxation of all the costs against Juan Molfulleda, and reserving to the parties any right which they might have to the final ownership or possession, in order that they might enforce the same in the proper action.

Notice of the judgment rendered was served on the parties, and the restraining order on Juan Molfulleda. But Molfulleda having taken an appeal to the *audiencia* of the territory, said court, by judgment of July 20, 1896, reversed the judgment appealed from, dismissed the interdict to retain possession, taxed the costs of the court of first instance against the plaintiffs, and vacated the restraining order to Molfulleda.

Upon the return of the record to the Court of First Instance of Caguas, together with a certified copy of the judgment rendered, Juan Molfulleda stated in a petition dated April 10, 1899, that having sold the lands in question by deed of January 19, 1897, to the Carmelite Nuns, represented by their collector general, Manuel Diaz Caneja, he prayed that they should be replaced in possession of said property with the metes and bounds described in the title of dominion. Upon this petition an order issued on the 12th of said month of April, directing that Molfulleda should be replaced in the

possession granted by the Municipal Court of Caguas on November 26, 1899, of the estate described in the certificate issued by the registrar of property, which appears in the record, with the boundaries and in the portion therein set forth, with the reservation of ordering whatever further might be necessary when the grantees or their representative should prove the rights which had been granted to them. Service of notice of this decision was made on Juan Molfulleda only.

The possession ordered on April 12, 1899, was given on the same date to Juan Molfulleda, as the agent of his brother Magin, without the intervention of the plaintiffs, according to the record of the proceeding given such possession.

On the 17th of said month of April, Pedro Jiminez Sicardó, as the attorney in fact of his sisters Agustina and Josefa Jimenez Sicardó, prayed for a reconsideration of the order of April 12th, without any decision on this petition having been rendered.

On May 13th and October 7, 1901, Juan Molfulleda again insisted upon possession being given to the Carmelite Nuns, represented by their collector, Manuel Diaz Caneja, of the lands in question, which he had sold them by deed of January 19, 1897, a copy of said deed being first brought to the record by order of the District Court of San Juan, which already had knowledge of the proceedings; and then said court, by order of October 12th, directed that the Carmelite Nuns should be placed in possession, through their representative, Manuel Diaz Caneja, of the property which had been sold to them, notice of which order was not served upon the plaintiffs in due form.

This possession was given on December 2, 1901, against the protest of Antonio Jimenez Sicardó, who claimed to be the representative of the Estate of Manuel Jimenez Córdova, of which the plaintiffs formed part, and upon whom a demand had been made to permit Pascual Fernandez, designated by Manuel Diaz Caneja to receive the possession, to enter on the property. It is to be noted that Juan Molfulleda

took no part whatever in this proceeding, notwithstanding the possession given him on April 12, 1899, according to the record.

Attorney Luis Freyre, on June 30, 1903, prayed for a reconsideration of the order of October 12, 1901, on behalf of Agustina Jimenez Sicardó, and that it should be vacated; and if this prayer should not be granted, then that the act of possession given to the Carmelite Nuns on December 2, 1901, be annulled and matters restored to the condition in which they were when said order was made.

Without Molfulleda making any allegation whatsoever in opposition to this appeal, the District Court of San Juan, by a majority vote, decided it by an order of July 21, 1903, the conclusions of law and adjudging portions of which read as follows:

"The possession given to the Carmelite Nuns as the grantees of Magin Molfulleda, upon the petition of Juan Molfulleda, is vicious and illegal, not only because the judgment, the execution of which is involved, did not order such possession to be given, but because the petition for possession to be given to the Carmelites was made by Molfulleda as the attorney in fact of his brother, notwithstanding the fact that he had conveyed his rights to the Carmelites, who were the only ones who could make such petition; and, in addition, the conveyance had not been established because the title of record (folio 123 to 130 over) was not signed by the secretary and had not the proper internal revenue stamps affixed thereto.

"The motion for a reconsideration having been filed in due time and form, such motion for a reconsideration of the order made should be sustained and the order should be declared null and void, and consequently also the possession delivered under said extra-judicial order; and

"In these proceedings it is not within the power of the court to make any rulings or orders which may change the actual state of affairs, except an order vacating and setting aside the order of October 12th, without adopting any measures or issuing any orders for the purpose or effect of changing the present state of the possession, and leaving to the parties the settlement of their rights to the possession and ownership in the appropriate declaratory action.

"In view of article 1656 and the articles of the Law of Procedure relating to interdicts to retain possession, the order of October 12, 1901, is hereby reversed as contrary to law and is set aside, the court not making any further order owing to its lack of jurisdiction in these proceedings to make orders which might affect the present possession."

From this order of July 21, 1903, counsel for the Carmelite Nuns took an appeal which was allowed by a majority vote; and the appeal having been perfected and both parties having submitted written briefs, and counsel for the respondent having made an oral argument, it is now pending decision in this Supreme Court.

There are a number of irregularities of procedure committed in the proceedings for the execution of the judgment rendered by the former *Audiencia Territorial* on July 20, 1896. That judgment only dismissed the interdict to retain possession instituted by Agustina and Josefa Jimenez Sicardó, and dissolved the restraining order issued to Juan Molfulleda to abstain thereafter from disturbing or molesting the plaintiffs in said possession.

In its material part that judgment would have been executed by the mere service of notice thereof on the parties interested; and it is strange that this was not so understood and that acts of possession were performed, which said judgment did not order, and which were not within the object and scope of an interdict to retain possession, which does not admit of restoration to possession of a thing of which no one has been deprived.

But the jurisdiction of this court is not so broad that it can correct errors committed by the lower courts when the proper appeal therefrom has not been taken, or when such appeal has not been taken in due time.

The order of April 12, 1899, by virtue of which possession was given to Juan Molfulleda of the lands the subject of

the interdict, has not come to this court on appeal, and, furthermore, there is pending the decision of a motion for the reconsideration of said order.

With regard to the order of July 21, 1903, which is the order appealed from, we understand that by this order the District Court of San Juan could not vacate the order of October 12, 1901, because although notice of the latter order was not properly served on Agustina Jimenez y Sicardó who prayed for a reconsideration thereof on June 30, 1903, it appears that Antonio Jimenez Sicardó took part in the act of giving possession of the lands on December 2, 1901, to Pascual Fernandez, authorized for the purpose by Manuel Diaz Caneja, claiming to be the representative of the estate of Manuel Jimenez Cordova of which Agustina forms part, without the latter having objected to such representation; and, therefore, it must be held for legal purposes, that Agustina knew of the order of October 12, 1901, at least since December 2nd of the same year in which said order was executed.

Almost one year and seven months elapsed between December 2, 1901, and June 30, 1903, and, therefore, a motion for reconsideration does not lie, article 376 of the Law of Civil Procedure formerly in force granting five days only for the filing thereof.

If article 1968 of the former Civil Code, which is section 1869 of the Revised Civil Code, provides that an action to recover or retain possession prescribes after the expiration of one year, which occurs when the possession is attacked by private individuals, with greater reason a state of right cannot be altered which has created a possession conferred by virtue of a judicial decision, when such judicial decision is not contested within the term of five days prescribed by law, but more than one year and a half after such decision was rendered.

Therefore, the order of October 12, 1901, was final and

could not be set aside by the order of July 21, 1903, appealed from.

At the present time the parties may assert the rights which they believe they have relating to the definite ownership and possession of the lands in question in the appropriate action and in no other manner.

For the reasons stated, the order of July 21, 1903, appealed from should be reversed, and the order of October 12, 1901, should be complied with, without prejudice to the rights which Agustina Jimenez Sicardó may believe herself entitled to, without any special taxation of costs.

*Reversed.*

Chief Justice Quiñones, and Justices Figueras and Wolf concurred.

Mr. Justice MacLeary did not take part in the decision of this case.